The Court took time to consider the cause, and afterwards (the Chief Justice having been of counsel in it) the opinion of the Court was delivered as follows, by
* Sedgwick, J.
In deciding upon controversies which [ * 396 ] arise on policies of insurance, the proper inquiry is, What was the true meaning and intention of the parties? And in this inquiry it is peculiarly important that we should guard against being influenced by verbal criticisms.
In this case the insurance is “ from the island of Sumatra, or any other ports in India, with liberty to stop and trade at the Isle of France, or Bourbon, or both; and the risk of the policy to commence when the outward insurance ceases, which, it is understood, was to continue until the outward cargo of merchandise and, money was disposed of, and the return cargo was on board.”
If this policy ever attached, the plaintiff is entitled to recover the premium for which this action is brought, and if otherwise, not.
To determine whether the policy ever did attach, it is necessary to advert to the outward policy, and in doing it, much that has been said as to the extent of the responsibility of the insurers on the out *348 ward voyage, it is not necessary to decide upon. On attending to this policy, it is very clear that it was intended to protect the property risked, so long as it should continue the cargo of the outward voyage, and no longer; and that the moment it should become so exchanged and invested, as to be properly denominated return cargo, and the homeward voyage should have commenced, from whatever circumstances, it should cease to be protected by that policy; and it is equally clear, by considering the other policy, in reference tithe subject matter, that, from that time, it should be protected by it No one can doubt that it was the understanding of the parties, that the cargo, as far as the policies extended, should, at all times, be protected by the one policy or the other.
Jackson, for the plaintiff.
Prescott and Story, for the defendants.
The intention of the voyage was “to dispose of the outward cargo at Sumatra, and there purchase a return cargo of pepper.” In pursuance of this intention, pepper, to the amount of 12,650 dollars, was there purchased, shipped on board, and became return cargo. It was not then outward cargo, and of consequence, as to it, the outward policy had ceased (the words of the out- [ * 397 ] ward policy, however *■ comprehensive, evidently confining the risk taken to ports in India) ; and here, in my opinion, the policy on the return cargo attached, and of course the plaintiff is entitled to recover, provided the Isle of France is not to be considered, in construing this contract, according to the meaning and understanding of the parties, at the time it was entered into, as in India. On the other hand, if it is to be so considered, then, for the reason which has already been suggested, the policy did attach at the Isle of France; and, therefore, on either construction, the plaintiff is entitled to his premium, and must have judgment in this case.
The opinion of the Court proceeds thus far upon the idea that the Isle of France was not, in the intention of the parties, in India; but if it is so to be considered, then, upon the same ground, the policy did there attach; so that, upon any construction, the plaintiff is entitled to recover.